**Vaughn A. CLARKE, Appellee**

v.

**OFFICE OF FEDERAL HOUSING ENTERPRISE OVERSIGHT, an Office within the United States Department of Housing and Urban Development and Stephen A. Blumenthal, in his official capacity as Acting Director, Office of Federal Housing Enterprise Oversight, Appellants.**

No. 05–5029.

United States Court of Appeals, District of Columbia Circuit.

Dec. 13, 2005.

Steven Mark Salky, Adam L. Rosman, Zuckerman Spaeder LLP, Washington, DC, Cyril V. Smith, Zuckerman Spaeder LLP, Baltimore, MD, for Appellee.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Mark B. Stern, Mark Simon Davies, Peter Douglas Keisler, U.S. Department of Justice, Washington, DC, for Appellants.

Before: SENTELLE and ROGERS, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from an order of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(b).

Upon consideration of the appellants' brief, the response thereto, and the reply, the court directed the parties to address at oral argument, and then through supplemental briefing, whether this case was moot. The parties now agree that this case is moot, and we concur. *See Am. Family Life Assurance Co. of Columbus v. FCC,* 129 F.3d 625, 628 (D.C.Cir.1997). The appellants' compliance with the district court's injunction allowed the appellee to obtain the funds he sought in this suit; the continuing force of the injunction is irrelevant. *See Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia,* 972 F.2d 365, 369 (D.C.Cir.1992). As to other funds that Freddie Mac may owe, counsel for the appellee conceded at oral argument that the complaint does not include claims for pension benefits or payments under the Supplemental Executive Retirement Plan, and that the 2002 and 2003 bonuses "are explicitly discretionary and they will not be paid." [11/17/05 Tr. 21] Although the appellee suggests in his supplemental brief that future pension payments may create circumstances capable of repetition yet evading review, the issues involved here do not relate to pension payments.

Accordingly, we dismiss the appeal as moot. The appellants have not met their burden to show that the November 30, 2004 order of the district court issuing a preliminary injunction against the appellants should be vacated. Although the appellee's concessions at oral argument may have clarified matters for the court, this case became moot not by happenstance or voluntary action of the appellee, but because the appellants, rather than seeking a stay, complied with the court order. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 24, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).